UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>FELIPE MARTINEZ, et al.,<br><br>Defendants. | )<br>)<br>) Case No. 1:21-cr-392-RCL<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**FELIPE MARTINEZ'S NOTICE OF HIS LACK OF MEANINGFUL ACCESS TO GOVERNMENT EXHIBITS AND RELATED TRIAL MATERIALS**

Defendant Martinez, by counsel, files this notice to apprise the Court that he does not have adequate access to government exhibits and related materials that he needs to ensure his right to effective assistance of counsel at trial. Informed of this fact, the government has indicated that it will not guarantee Martinez's access to this information before the onset of trial this week.

On Friday, September 22, at 7:36 p.m., the government emailed defense counsel to advise that it had uploaded a "preliminary set" of trial exhibits to the file-sharing platform USAfx. Since that date, it has continued to upload new exhibits and revised exhibits to that internet folder through October 10, the week of trial. The USAfx site does not indicate how large the government's trial exhibits folder is. But other defense counsel have advised the undersigned that the files comprise over 80 gigabytes of data. To make timely use of the government exhibits at trial, counsel must transfer all of that data to a one-terabyte portable drive, as it is far too large for counsel's laptop to accommodate.

Martinez's counsel has endeavored numerous times to transfer the government's massive data trove to a portable drive for use at trial. He has tried various laptops, portable drives, and

1

internet connection speeds. Several times, counsel has downloaded up to 40 gigabytes of the exhibit folder only for the enormous data transfer to crash, forcing counsel to start again from the beginning. As of Monday, October 9, counsel had yet to successfully download the folder whose items span over 60 pages on the government's exhibit list.

On Tuesday, October 10, Martinez informed government counsel of the problem, explaining that defense counsel, using a fully functional high-speed ethernet connection, was then downloading the exhibit folder at a rate of 1 gigabyte an hour. At that speed, it would take Martinez 80 hours merely to download a set of trial exhibits. In the course of his work in other cases in this district, counsel has never encountered such difficulty in transferring data from the government's file-sharing site. Accordingly, Martinez requested that the government provide a drive with its trial exhibits at the pretrial conference on October 11 or else download the exhibits to a drive provided by counsel.

The government responded:

> we will provide the marked exhibits on a provided hard drive "as soon as possible" after receiving the drive. That is what we will do, but I did not (and at this point cannot) represent that this would all be completed [by October 11]. As you know, our attorney and paralegal team expects to be in court much of tomorrow for the pretrial conference, and for voir dire and trial thereafter.

Gov't 10/10/2023 Email.

Counsel therefore inquired when the government would be providing exhibit binders for the Court and defense counsel. Martinez noted that the government had followed that customary trial practice in this Court in another, closely-related January 6 conspiracy case, *United States v. Nordean*, 21-cr-175-TJK. Government counsel replied, "We do not intend to produce exhibit binders to the defense. The pretrial order we negotiated calls for the exchange of 'digital copies

of premarked exhibits.'" Gov't 10/10/2023 Email.  As explained, however, Martinez cannot successfully download the digital copies from the government's file-sharing platform.

Similarly, on October 10 Martinez inquired of the government when the parties would exchange PowerPoint presentations and other demonstratives the parties intend to use in opening statements.  Martinez proposed an exchange on October 11, so the parties and the Court would have one day to make and resolve appropriate objections.  Counsel observed that if the parties first disclose their demonstrative presentations only minutes before openings, the Court will have to waste the jury's time with objections immediately before opening statements or during them.  Again, Martinez's proposal derives from the practice followed by the Court in both the Proud Boys and Oath Keepers conspiracy trials, a point counsel brought to the government's attention here.

However, the government responded that it would not agree to an exchange of PowerPoint presentations prior to openings.  The government would not explain the basis for withholding the materials from the defense or represent whether its opening presentation had already been completed.  When Martinez noted that his proposal was the practice in other January 6 conspiracy cases, government counsel replied that, although those cases featured all the same charges and legal theories advanced in this matter, they also involved a seditious conspiracy charge.  The prosecutors added that if defense counsel insisted on the discovery rights extended to defendants in those cases, the government could always bring seditious conspiracy charges against Martinez, who did not enter the Capitol on January 6 or engage in misconduct outside the building.

For these reasons, Martinez does not have access to exhibits and related materials he needs to mount an effective or any defense at trial.  U.S. Const. amends. V, VI.

Dated: October 11, 2023                     Respectfully submitted,

/s/ Nicholas D. Smith
Nicholas D. Smith, D.C. Bar No. 1029802
1123 Broadway, Suite 909
New York, NY 10010
(917) 902-3869
nds@davidbsmithpllc.com
*Counsel to Felipe Martinez*

**Certificate of Service**

I hereby certify that on the 11th day of October, 2023, I filed the foregoing notice with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following CM/ECF user(s): Counsel of record.

And I hereby certify that I have mailed the document by United States mail, first class postage prepaid, to the following non-CM/ECF participant(s), addressed as follows: [none].

/s/ Nicholas D. Smith
Nicholas D. Smith, D.C. Bar No. 1029802
1123 Broadway, Suite 909
New York, NY 10010
(917) 902-3869
nds@davidbsmithpllc.com